No. 42,276

FLORA B. SLOOP, *Appellant*, v. KEN S. ARMSTRONG, et al., *Appellees.*

(368 P. 2d 14)

Opinion filed January 20, 1962.

*Danford H. Smyth,* of Wichita, argued the cause and was on the briefs for the appellant.

*Richard B. Clausing,* of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by plaintiff below from the trial court's judgment in favor of defendants in an action based on contract.

Plaintiff listed her apartment house located at 1820 East Kellogg Street, Wichita, for sale with Alton H. Smith Company, Incorporated. On April 30, 1956, P. E. Klassen, president of the Smith Company, acting also as agent for defendants, Kenneth S. Armstrong, and his wife, Betty Jane Armstrong (hereafter referred to singularly as defendant), submitted three contracts to plaintiff providing, in brief, as follows:

1. For sale of plaintiff's property at 1820 East Kellogg to defendant for $20,500. (This contract was finally consummated and closed on July 18, 1956, when Klassen gave her a check for $19,125.25 as her proceeds of the sale after plaintiff had executed a deed to defendant and he had placed a $22,500 mortgage on the property.)

2. For sale of defendant's property known as 2131 South Lorraine, Wichita, for $17,800 to be due in six months, with construction of house thereon by defendant.

3. For sale of defendant's property known as 2155 South Lorraine, Wichita, for $17,800.

Other details were involved but discussion of them is unnecessary in deciding the only issue before us.

Difficulty arose between plaintiff and defendant with the result that a fourth agreement was entered into by the parties wherein the three previous contracts were referred to, as were the various disputes and differences that had arisen between the parties as a result of which the parties mutually desired to cancel such agreements and place themselves as nearly as possible in the same position they had been in prior to the making of the agreements and to obtain mutual releases from the obligations and claims up to and including the date of the fourth agreement.

The contract then provided the amounts which were to be paid within thirty days to carry out the payments agreed upon as well as the necessary transfers of deeds to return the parties to their initial status.  This fourth contract is the one in controversy and the question involved is whether there was complete failure of consideration for this contract.

The record discloses that as a result of a pretrial discussion and hearing on a motion for judgment on the pleadings and a demurrer of defendant, both of which were overruled by the trial court, plaintiff was given ten days in which to decide whether to verify her reply, and the trial court subsequently entered the following order:

"Thereupon, various pretrial matters are discussed by the Court and counsel for both parties whereupon counsel for the defendant, Kenneth S. Armstrong, orally moves the Court for an order removing this case from the jury trial docket for the reason that plaintiff's cause of action seeks to rescind certain contracts and is an equitable action properly triable to the Court without a jury.  Thereupon, the Court finds that said oral motion of the defendant, Kenneth S. Armstrong, to remove this case from the jury trial docket should be, and it is hereby, sustained.  The Court further finds at said pretrial conference, that the first matter to be taken up on the trial of this case is the question of whether or not there was a failure of consideration with respect to the alleged settlement agreement attached to the answer of the defendant and marked Exhibit 'X'."

Plaintiff's sixth amended petition (hereafter referred to as the petition) in the first cause of action referred to and attached as exhibits the four contracts.  She alleged defendant placed a mortgage on the property at 1820 East Kellogg, which she was bound to pay since she assumed the mortgage indebtedness to avoid foreclosure on the property, and by reason of which she sought actual damages in the sum of $29,124.72 and because defendant's breach of contract was wilful and wanton, she sought punitive damages in the sum of $25,-000 together with an order directing defendant to reconvey to her by sufficient warranty deed the property known as 1820 East Kellogg.

In her second cause of action plaintiff alleged that defendant breached the contracts in regard to the houses built at 2131 South Lorraine and 2155 South Lorraine by departing from the plans and specifications agreed upon and because plaintiff had to place certain listed items in the two properties at her own expense, she sought actual damages in the sum of $29,124.00 and further, since the breach was wilful, she also sought punitive damages in the amount of $25,000. Finally, she sought cancellation of all four contracts in their entirety.

Defendant's answer admitted the execution of the contracts and showed Klassen's check to plaintiff for $19,125.25 and that upon plaintiff's demand, defendant had delivered to Klassen deeds to the property at 2131 and 2155 South Lorraine with plaintiff named as grantee along with the deed back to 1820 East Kellogg showing plaintiff as grantee, and defendant's promissory note in the sum of $2,000 payable to plaintiff, whereby if either party failed to perform under the contracts, the Smith Company or Klassen would be in a position to return the parties to approximately the same position they had been in prior to the execution of the contracts. On September 6, 1956, after some negotiation set out in the answer, the fourth contract was entered into and executed. The answer alleged that although plaintiff had received Klassen's check for $19,-125.25 on July 18, 1956, she negligently failed to present the check for payment for a period of at least sixty days at which time payment had been stopped on the check and funds were not then available to pay it. Had the check been presented within two or three weeks sufficient funds were in the account to cash the check. Plaintiff caused a criminal warrant to be sworn against her agent, Klassen, charging him with embezzlement of proceeds from the sale of 1820 East Kellogg. Klassen pleaded guilty and was paroled. Klassen had paid approximately $4,050.00 to apply on the check, but plaintiff caused his parole to be revoked and he was sent to prison. Certain exhibits were attached to the above answer but they need not be set out herein.

The reply on the part of plaintiff was an unverified general denial. Evidence was introduced and the trial court heard and considered it. At the close of the hearing the trial court commented it was of the opinion that the determination of the consideration or lack of consideration for the fourth contract should probably be taken up first for the benefit of both parties in the lawsuit for the reason that if there was a failure of consideration, the trial of the

case would take on a different aspect than if there were not a failure of consideration. The court was of the opinion it had not been shown there was any mutuality of mistake of fact in the making of the fourth contract at the time it was made. The trial court understood plaintiff was relying on the proposition there had been such a mutual mistake of fact because both parties believed Klassen's check dated July 18, 1956, was good when in truth and in fact it was not good. However, in the trial court's opinion plaintiff had not shown that defendant had any knowledge whether the check was or was not good and, we might add, the record more clearly shows this defendant did not even have knowledge of the check. The trial court went on to say, in effect, that in its opinion there could not have been mutual mistake of fact in that regard. From a thorough study of the instrument, the trial court could not determine that the contract stood or fell on the "goodness" of Klassen's check for the reason that plaintiff had not shown there was any failure of consideration, and the court therefore held there was consideration for the contract. That determination left the parties with the fourth contract. The journal entry of judgment, in pertinent part, read:

"Thereupon, counsel for both plaintiff and defendant announce they are ready for trial and present their respective opening statements. Thereupon, the Court announces that in accordance with the order of the Court made at the pretrial conference and dated March 14, 1960, the first matter to be taken up on the trial of this case is the question of whether or not there was a failure of consideration with respect to the alleged settlement agreement identified as Exhibit 'D' attached to the petition of the plaintiff and also identified as Exhibit 'X' and attached to the answer of the defendant.

"Thereupon, the plaintiff presents her evidence and rests.

"Thereupon, the defendant orally moved the Court for an order and finding that plaintiff has failed to show there was a failure of consideration for the settlement agreement referred to hereinabove.

"Thereupon, after hearing the oral arguments of counsel for both parties, reviewing the evidence, and being fully advised in the premises, the Court finds that plaintiff has failed to show by the evidence either a failure of consideration for the said settlement agreement or a mutual mistake of fact with respect thereto as contended by plaintiff.

"Thereupon, the defendant moves the Court for judgment upon the plaintiff's first and second causes of action herein, in view of the pleadings, the evidence, and the findings of the Court. After hearing further oral arguments of counsel for the parties and being fully advised in the premises, the Court finds that the plaintiff should take naught by virtue of her first and second causes of action herein and that the defendant should have judgment against the plaintiff for the costs of this action.

"It Is Therefore by the Court Considered, Ordered, Adjudged and Decreed that the plaintiff should take naught by virtue of her first and second causes of action herein.

"It Is Further Considered, Ordered, Adjudged and Decreed that the defendant should have judgment against the plaintiff for the costs of this action."

The contracts involved in this case are before us the same as they were before the trial court, and we have the same duty in regard thereto as did that court. (*Bailey v. Talbert,* 179 Kan. 169, 294 P. 2d 220.) Plaintiff is estopped from denying the results of her own acts as shown in the pleadings and also inherently included in the findings of the trial court. The record shows the trial court gave diligent attention to the circumstances of this case and was unable to find any evidence to support plaintiff's contention there was failure of consideration due to mutual mistake of fact. This conclusion is supported not only by the pleadings and findings but a consideration of the evidence convinces us her claim of mutual mistake was not well-founded because everything pointed to the contrary. The result is this court cannot say the trial court erred in any matters complained of.

Judgment affirmed.